IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| TIG PREMIER INSURANCE COMPANY | * | |
| Plaintiff | * | |
| v. | * | Civil No.: WMN-01-2841 |
| HEACO, INC., et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS FOR DEFENDANTS' FAILURE TO RESPOND TO DISCOVERY**

Plaintiff, TIG Premier Insurance Company ("TIG"), by John V. Church, Michael A. Stover and Whiteford, Taylor & Preston, LLP, hereby submits this Memorandum of Law in Support of its Motion for Sanctions for Defendants' Failure to Respond to Discovery and states:

**I.   INTRODUCTION**

On November 15, 2002, TIG served Interrogatories and Requests for Production of Documents upon the Defendants. As of the date of this Motion, the Defendants have completely failed to respond or object to the discovery requests. Accordingly, under Federal Rule of Civil Procedure 37(d), Plaintiff is entitled to appropriate sanctions.

**II.   FACTUAL BACKGROUND**

This case arises out of a construction project located in Cecil County, Maryland, known as the Renovation of Rising Sun Middle School (hereinafter the "Project"), Job

No. JWA #95-2.  In 1995, James W. Ancel, Inc. (hereinafter "Ancel"), a Maryland general contractor located in Towson, Maryland, was awarded a contract to renovate the Middle School by the Cecil County School Board.  Ancel in turn entered into a Subcontract Agreement with Defendant Heaco, Inc. ("Heaco") to perform the mechanical work on the Project.  The mechanical work included installation of plumbing, heating and ventilation equipment, as well as all associated duct work and piping throughout the Project.  The value of the subcontract was $1,620,000.00.  As a condition of entering into the Subcontract, Ancel required that Heaco provide a performance bond and a payment bond for the Project.  Heaco agreed to those conditions.

Prior to submitting its bid for the Project, Heaco, through its bonding agent, contacted TIG and requested that TIG provide bonds for the Project.  As a result of Defendants' request, TIG agreed to issue bonds for Heaco.  However, as a condition precedent to the issuance of any bonds, TIG required that the Defendants, Frank and Winifred Heacock, individually and on behalf of Heaco, execute a General Indemnity Agreement (hereinafter the "Indemnity Agreement").  The Indemnity Agreement is a standard surety industry agreement required to insure that TIG will be made whole for any losses it incurs as a result of claims made on bonds it issues.  On November 9, 1995, TIG, in reliance upon Heaco's request and the Indemnity Agreement, issued the Bonds for the Project listing Ancel as the obligee and Heaco as Principal and co-obligor in the penal sum amount of $1,620,000.00.

In 1996, as a result of Heaco's failure to properly perform its contractual obligations under the Subcontract, Ancel, as obligee, defaulted Heaco. Ancel made demand upon TIG under the Performance Bond to remedy the default. Furthermore, numerous additional claims were asserted against the payment bond by Heaco's unpaid sub-subcontractors. In light of the claims, TIG was forced to retain counsel and consultants in Maryland to investigate the claims and the status of the Project. As a result of TIG's investigation, it was decided to fund corrective and completion work on the Project and to pay numerous sub-subcontractors for work performed or materials provided to the Project. TIG's total loss under the bonds for the Project was approximately $500,000.00. As a result of the losses sustained, TIG instituted this action against the Defendants. On November 15, 2002, TIG propounded Interrogatories and Requests for Production of Documents upon each of the Defendants. No responses to those discovery requests have been served by the Defendants.

### III. CONTROLLING PRINCIPLES OF LAW

Fed.R.Civ.P. 37(d) provides in relevant part:

> If a party . . . fails . . . (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B) and (C) of subdivision (b)(2) of this rule. . . . In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, . . .

Under Rule 37(b)(2)(A) – (C) the Court may order that matters or facts be taken as established in accordance with the claim of the moving party, that the party failing to respond be prohibited from supporting or opposing designated claims or defenses, or that judgment by default be entered against the party failing to respond.  This Court has recognized its authority to redress discovery misconduct under the Federal Rules as well as under its inherent powers, and its ability to impose a range of sanctions from award of expenses against both a party and its counsel to an entry of a default judgment.  *See* Poole v. Textron, Inc., 192 F.R.D. 494 (D.Md. 2000).

## IV.   ARGUMENT

On November 15, 2002, TIG propounded Interrogatories and Requests for Production of Documents upon Heaco, Inc., Winifred Heacock and Frank Heacock.  Copies of the discovery requests are attached to this motion as **Exhibits 1 – 6** and a copy of counsel's letter enclosing the discovery requests is attached as **Exhibit 7**.  As of the date of this Motion, no response has been provided by the Defendants to any of the discovery requests.  *See* Affidavit of Michael A. Stover attached hereto as **Exhibit 8**.  On February 28, 2003, counsel for TIG participated in a conference call with both William Heyman, Esquire and Vincent Vaccarella, Esquire, counsel for the Defendants, at which time the subject of the outstanding discovery responses was discussed.  *See* Exhibit 8.  Defendants' counsel acknowledged the failure to respond and promised to provide responses promptly.  Id.  A month has passed since that discussion and responses still have not been provided.  Id.  In fact, the discovery responses are over due by more than three months.

Pursuant to the Amended Scheduling Order, discovery is scheduled to be completed on April 18, 2003. Defendants' failure to provide discovery responses in a timely fashion as required by the Federal Rules has prejudiced the Plaintiff's ability to conduct discovery and to prepare its case. The discovery requests that were propounded upon the Defendants were specifically designed to illicit information regarding the nature of and facts supporting the defenses asserted by the Defendants and any alleged limitations on Plaintiff's ability to fully recover its losses.

For example, the Interrogatories propounded upon Heaco[1] seek to discover information regarding Heaco's defenses (No. 3), the identity of any admissions which Heaco alleges TIG made (No. 2), information regarding Heaco's contentions that TIG is not owed the amount claimed in its suit (No. 5), the terms of any oral agreements which may limit TIG's recovery (No. 7), identity of persons with personal knowledge (No. 8), identification of funds which TIG allegedly failed to collect from others (No. 9), support for the defense of "volunteer" asserted in Defendants' Answer (No. 10), support for the defense of breach of duty of good faith or fair dealing asserted in the Defendants' Answer (No. 11), support for any claim of unreasonableness with respect to the attorneys fees and consultant fees claimed by TIG (Nos. 12 & 13), support for any claim of unreasonableness with respect to the completion costs claimed by TIG (No. 14), support for any contention that Heaco's termination for default by Ancel was improper or wrongful (No. 16), support for claim that Heaco relinquished claims against Ancel

---

[1] The Interrogatories propounded upon the other Defendants are substantially similar to the Interrogatories propounded upon Heaco.

(No. 21), support for any claim that payments made under the payment bond or to various completion contractors were unreasonable (Nos. 15, 20, 22). The Requests for Production of Documents seeks discovery of documents regarding similar issues.

It is important to recall that this case involves a construction project, which began in the mid 1990's and which involved numerous subcontractors. After the default of Heaco on the project, the Plaintiff conducted an investigation and retained a completion contractor and paid numerous payment bond claims. The Defendants' have generally asserted a variety of defenses, however, no specific information supporting those defenses has been provided. In the absence of discovery responses, the Plaintiff cannot determine which of the many entities or individuals should be deposed, what documentation Plaintiff should gather or from whom. Given the length of time that has passed since the underlying project was completed, the number of persons or entities involved with the project and the fact that many of the entities and/or persons involved are located out of state, general and unfocused discovery would be prohibitively costly and an exercise in futility.

Pursuant to Rule 37(d), as a result of the Defendants' failure to provide any response to the discovery requests which were properly served upon them, this Court should enter an order prohibiting the Defendants from asserting the defenses raised in their Answer at trial or alternatively ordering that a judgment by default be entered against the Defendants. In addition, Plaintiff should be awarded its costs and attorneys fees associated with this Motion.

## V.     CONCLUSION

For the reasons stated herein, TIG respectfully submits that its Motion for Sanctions should be GRANTED.

/s/ Michael A. Stover
John V. Church
Michael A. Stover (Fed. No. 10497)
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
(410) 347-8700

Attorneys for Plaintiff, TIG Premier Insurance Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of March, 2003, a copy of the foregoing Memorandum of Law was mailed first class, postage prepaid to William S. Heyman, Esquire, Tydings & Rosenberg, LLP, 100 East Pratt Street, 26th Floor, Baltimore, Maryland 21202 and Vincent F. Vaccarella, Esquire, Elder, Kurzman & Vaccarella, Courvoisier Center 11, Suite 401, 601 Brickell Key Drive, Miami, Florida 33131.

/s/ Michael A. Stover
Michael A. Stover

*1481976*