IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| TIG PREMIER INSURANCE COMPANY | * | |
| Plaintiff | * | |
| v. | * | Civil No.: WMN-01-2841 |
| HEACO, INC., et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S STATUS REPORT**

Plaintiff, TIG Premier Insurance Company ("TIG"), by John V. Church, Michael A. Stover and Whiteford, Taylor & Preston, LLP, hereby submits this Status Report in accordance with the Scheduling Order and states:

**I.  INTRODUCTION/FACTUAL BACKGROUND**

This case arises out of a construction project located in Cecil County, Maryland, known as the Renovation of Rising Sun Middle School (hereinafter the "Project"), Job No. JWA #95-2.  In 1995, James W. Ancel, Inc. (hereinafter "Ancel"), a Maryland general contractor, was awarded a contract to renovate the Middle School by the Cecil County School Board.  Ancel in turn entered into a Subcontract Agreement with Defendant Heaco, Inc. ("Heaco") to perform the mechanical work on the Project.  The mechanical work included installation of plumbing, heating and ventilation equipment, as well as all associated duct work and piping throughout the Project.  The value of the subcontract was $1,620,000.00.  As a condition of entering into the Subcontract, Ancel

required that Heaco provide a performance bond and a payment bond for the Project. Heaco agreed to those conditions.

Prior to submitting its bid for the Project, Heaco, through its bonding agent, contacted TIG and requested that TIG provide bonds for the Project. As a result of Defendants' request, TIG agreed to issue bonds for Heaco. However, as a condition precedent to the issuance of any bonds, TIG required that the Defendants, Frank and Winifred Heacock, individually and on behalf of Heaco, execute a General Indemnity Agreement (hereinafter the "Indemnity Agreement"). The Indemnity Agreement is a standard surety industry agreement required to insure that TIG will be made whole for any losses it incurs as a result of claims made on bonds it issues. On November 9, 1995, TIG, in reliance upon Heaco's request and the Indemnity Agreement, issued the Bonds for the Project listing Ancel as the obligee and Heaco as Principal and co-obligor in the penal sum amount of $1,620,000.00.

In 1996, as a result of Heaco's failure to properly perform its contractual obligations under the Subcontract, Ancel, as obligee, defaulted Heaco. Ancel made demand upon TIG under the Performance Bond to remedy the default. Furthermore, numerous additional claims were asserted against the payment bond by Heaco's unpaid sub-subcontractors. In light of the claims, TIG was forced to retain a consultant and then counsel to investigate the claims and the status of the Project. As a result of TIG's investigation, it was decided to fund corrective and completion work on the Project and to pay numerous sub-subcontractors for work performed or materials provided to the Project. TIG's total loss under the bonds for the Project was

approximately $500,000.00. As a result of the losses sustained, TIG instituted this action against the Defendants.

## II. STATEMENT OF STATUS

### A. Whether Discovery Has Been Completed:

The Plaintiff does not believe that further discovery is necessary. However, Plaintiff is aware that the Defendants believe that further discovery is required. Accordingly, if Defendants are given further time to conduct discovery, Plaintiff reserves the right to undertake discovery in response to information developed or disclosed during any extended discovery period and to file a Motion to Compel.

### B. Whether Any Motions Are Pending:

Plaintiff has no motion pending at this time. Defendants have filed a Motion requesting an extension of discovery. If an extension is granted, Plaintiff will file a Motion to Compel.

### C. Whether Any Party Intends To File A Dispositive Motion:

Plaintiff intends to file a Motion for Summary Judgment.

### D. Whether The Case Is To Be Tried Jury or Non-Jury And The Anticipated Length Of Trial

The Defendants have requested a jury trial. The anticipated length of trial is four (4) days.

### E. Certification Regarding Settlement Negotiations:

No serious settlement negotiations have been conducted. Pursuant to the terms of the Indemnity Agreement between the parties, Plaintiff believes that it is

entitled to full reimbursement from the Defendants in accordance with the promises and obligations set forth in the Indemnity Agreement. To that end, Plaintiff has repeatedly requested that the Defendants make a settlement offer. Despite statements from Defendants' counsel Mr. Vaccarella that a settlement offer would be made, no settlement offers have been forth coming. In the absence of a known settlement position from the Defendants, settlement discussions could not take place.

  **F.**  **Whether Settlement Or Other ADR Is Appropriate:**

Defendants have requested a mediation in the past, however, they have taken no steps to follow-up on that request. Plaintiff's position has been that until we know whether the Defendants are serious about attempting to settle this matter, i.e.: making a settlement offer, any attempt to mediate would be a waste of time and money.

  **G.**  **Whether All Parties Consent To Referral Of This Case To A Magistrate Judge:**

The Plaintiff does not consent to referral of this matter to a U.S. Magistrate Judge.

  **H.**  **Any Other Matters For The Court's Attention:**

None at this time.

            /s/ Michael A. Stover_____
            John V. Church (Fed. No. 05007)
            Michael A. Stover (Fed. No. 10497)
            Whiteford, Taylor & Preston L.L.P.
            Seven Saint Paul Street
            Baltimore, Maryland 21202-1626
            (410) 347-8700

            Attorneys for Plaintiff, TIG Premier Insurance Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of April, 2003, a copy of the foregoing Status Report was served electronically and mailed first class, postage prepaid to William S. Heyman, Esquire, Tydings & Rosenberg, LLP, 100 East Pratt Street, 26th Floor, Baltimore, Maryland 21202 and mailed first class, postage prepaid to Vincent F. Vaccarella, Esquire, Elder, Kurzman & Vaccarella, Courvoisier Center II, Suite 401, 601 Brickell Key Drive, Miami, Florida 33131.

                                              /s/ Michael A. Stover
                                              Michael A. Stover

*1486197*