IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| TIG PREMIER INSURANCE COMPANY | * | |
| Plaintiff | * | CIVIL ACTION |
| v. | * | No. WMN 01-CV 2841 |
| HEACO, INC., WINIFRED L. HEACOCK and FRANK B. HEACOCK | * | |
| | * | |
| Defendants | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MOTION TO QUASH SUBPOENA

Non-party, James W. Ancel, Inc. ("Ancel"), by undersigned counsel, hereby moves this Honorable Court to quash, or modify, the subpoena issued to it in this case, because the subpoena imposes an undue burden upon Ancel and because the subpoena is defective. In support hereof, Ancel states as follows:

1. On or about January 22, 2004, Ancel was served with a subpoena in this case which directs Ancel "to appear at the law offices of ELDER, KURZMAN & VACCARELLA, P.A., Courvoisier Centre II – Suite 401, 601 Brickell Key Drive, Miami, FL 33131, on or before Thursday, February 12, 2004, and to have with you at said place and time the items contained in the attached Schedule 'A'." The subpoena further provides that Ancel may deliver the requested documents to the said Miami, Florida location in lieu of personal appearance, and that there will be no deposition.

## The Subpoena Imposes An Undue Burden Upon Ancel

2. Schedule 'A' sets forth a list of 38 broad categories of requested construction documents for a very large, $8 million, multi-year construction project on which Ancel was the general contractor about six (6) or seven (7) years ago. (A copy of the Subpoena and of Schedule 'A' is attached hereto.) This document request is so broad that it encompasses virtually every single project document in the possession of Ancel, i.e., a quantity estimated to be well over fifty thousand (50,000) documents, including a vast number of oversized construction drawings.

3. Ancel finds it very hard to believe that all of these documents can possibly be relevant to this case, which involves one of Ancel's subcontractors, Heaco, Inc., on the project. It appears that the party or attorney issuing the subpoena made no effort whatsoever to narrow its request to specific relevant document categories. Instead, said party or attorney simply used the "shot gun" approach in making an all-encompassing document request. Had the issuing party or attorney simply exercised a relatively small amount of consideration and pre-planning to narrow its subpoena request, the resulting burden on Ancel could have been reduced considerably.

4. Ancel operates its business out of a small office in Towson, Maryland, with an administrative staff of only one (1) person, plus a bookkeeper, both of whom are fully engaged in the administration and accounting of Ancel's current construction projects.

5. Compliance with this subpoena in such a short period of time would require Ancel's tiny staff to drop everything in an exhaustive effort to locate, assemble and copy over fifty thousand (50,000) documents, which are stored in many different file and archive locations along with documents from other projects, including both hard paper and electronic files and archives.

6. This would be very disruptive to the administration and management of Ancel's current ongoing construction projects, which are tightly scheduled, and would likely jeopardize Ancel's proper and timely performance under the construction contracts for the projects.

7. Ancel estimates the cost to locate, assemble, copy and deliver these documents as required by the subpoena would be $15,000.00 to $20,000.00, not including the impact and disruption to Ancel's ongoing business operations.

8. In light of the foregoing, the party or attorney responsible for issuing this subpoena has failed to "take reasonable steps to avoid imposing undue burden or expense" on Ancel under Rule 45(c) – Protection of Persons Subject to Subpoena, of the Federal Rules of Civil Procedure.

9. Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> On timely Motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

\* \* \*

> (iv) Subjects a person to undue burden.

10. Ancel's position is that this subpoena subjects Ancel to an undue burden, and so it must be quashed or modified.

### The Subpoena Is Defective And Must Be Quashed

11. In addition, the subpoena is defective because it improperly requires Ancel to appear and/or produce documents in Florida. As such, it must be quashed.

12. Rule 45(a)(2) provides as follows:

> A subpoena commanding attendance at a trial or hearing shall issue from the court for the district in which the hearing or trial is to be held. <u>A subpoena for attendance at a deposition shall issue from the court for the district designated by the notice of deposition as the district in which the deposition is to be taken. If separate from a subpoena commanding the attendance of a person, a subpoena for production or inspection shall issue from the court for the district in which the production or inspection is to be made.</u>

(Emphasis supplied.)

13. The instant subpoena was issued by the Unites States District Court for the District <u>of Maryland</u>. Under Rule 45(a)(2), a subpoena for production or inspection alone cannot require production or inspection at a location outside the district of the issuing Court, i.e., the District of Maryland in this case. Thus, to the extent that this subpoena permits production or inspection of documents without requiring attendance at a deposition, then such production or inspection must take place <u>in Maryland</u>. Rule 45(a)(2) does not empower the District Court for the District of Maryland to require production or inspection of Ancel's documents <u>in Florida</u>.

14. On the other hand, to the extent this subpoena is construed to require Ancel's attendance at a deposition, than such deposition must take place <u>in Maryland and/or within 100 miles of Central Maryland</u>. Rule 45(a)(2) does not empower the District Court for the District of Maryland to require Ancel's deposition to take place <u>in Florida</u> – a subpoena issued from <u>this Court</u> must be for a deposition to be taken within <u>this District</u>. Moreover, since Ancel is a non-party which conducts its business in Central Maryland, Rule 45(c)(3)(A) requires this Court to "<u>quash or modify the subpoena</u>" because the subpoena improperly:

> (ii) Requires a person who is not a party or an officer of a party to travel to a place <u>more than 100 miles</u> from the place where that person resides, is employed or regularly transacts business….

(Emphasis supplied.) Thus, under any circumstance, Ancel may not be required by this Court, or by any other United States District Court, to attend a deposition in Florida. Any such deposition must take place in Maryland and/or within 100 miles of Central Maryland.

15. Accordingly, the subpoena is defective, and so it must be quashed or modified.

WHEREFORE, in light of the foregoing, Ancel respectfully requests this Honorable Court to quash the subpoena. In the alternative, Ancel requests this Honorable Court to modify the subpoena (1) by requiring the issuing party or attorney to substantially narrow the scope of the document request to include only relevant categories of documents, (2) by requiring the production and inspection of documents to take place at James W. Ancel's office located at 408 Bosley Avenue, Towson, Maryland 21204, and at a mutually agreeable and reasonable time so as not to disrupt the business operation of Ancel, (3) by requiring the issuing party or attorney to reimburse James W. Ancel <u>in advance</u> for the time and expense required by its staff to research, locate and assemble the requested documents, and for the time and expense required by its staff to photocopy any documents marked for photocopying during the inspection, by placing $20,000.00 into an escrow account maintained by a mutually agreeable Maryland attorney, and (4) by striking any request in the subpoena for a deposition.

Respectfully submitted,

HUDDLES & JONES, P.C.

_____
William M. Huddles, Federal Bar No. 01184
Kenneth K. Sorteberg, Federal Bar No. 11995
Overlook Center, Suite 304
5457 Twin Knolls Road
Columbia, Maryland 21045
410-720-0072

Counsel for Non-Party, James W. Ancel, Inc.

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 29TH day of January, 2004, a copy of the foregoing Motion to Quash Subpoena was sent via first-class mail, postage prepaid, to:

Scott D. Rembold, Esquire
Elder, Kurzman & Vaccarella, P.A.
601 Brickell Key Drive, Suite 401
Miami, Florida 33131

_____
Kenneth K. Sorteberg