IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| TIG PREMIER INSURANCE COMPANY | * |
| Plaintiff | * |
| v. | *   Civil No.: WMN-01-2841 |
| HEACO, INC., et al. | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION TO REOPEN CASE**

Plaintiff, TIG Premier Insurance Company ("TIG"), by John V. Church, Michael A. Stover and Whiteford, Taylor & Preston, LLP, hereby submits this Motion to Reopen Case because of Defendants' failure to consummate settlement:

**I.   INTRODUCTION**

On February 3, 2004, the parties participated in a settlement conference with Magistrate Judge Bredar. At that conference, the parties reached a settlement. The terms of the settlement were that the Defendants would pay an agreed upon settlement amount in exchange for dismissal of the case and a full release. The Defendants were given 90 days to pay the settlement amount. The Defendants have failed to pay the settlement amount. Accordingly, this case should be reopened because of the Defendants' failure to consummate the settlement.

## II.   FACTUAL BACKGROUND

This case arises out of a construction project located in Cecil County, Maryland, known as the Renovation of Rising Sun Middle School (hereinafter the "Project"), Job No. JWA #95-2.  Defendant, Heaco was a subcontractor on the Project.  As a condition of entering into the Subcontract, the general contractor required that Heaco provide a performance bond and a payment bond.  At Heaco's request, TIG agreed to and in fact did issue the bonds required for Project.  In exchange, TIG required that the Defendants, Frank and Winifred Heacock, individually and on behalf of Heaco, execute a General Indemnity Agreement (hereinafter the "Indemnity Agreement").  The Indemnity Agreement is a standard surety industry agreement required to insure that TIG would be made whole for any losses it incurs as a result of claims made on bonds it issues.

In 1996, as a result of Heaco's failure to properly perform its contractual obligations under the Subcontract, the general contractor defaulted Heaco and terminated its subcontract.  Demand was made upon TIG under the Performance Bond to remedy the default.  Furthermore, numerous additional claims were asserted against the payment bond by Heaco's unpaid sub-subcontractors.  TIG's total loss under the bonds for the Project was approximately $500,000.00.  As a result of the losses sustained, TIG instituted this action against the Defendants.

On February 3, 2004, the parties participated in a settlement conference with Magistrate Judge Bredar at which time a settlement was agreed to.  The terms of the settlement were simple; the Defendants were to pay the agreed upon settlement amount within 90 day and the Plaintiff would dismiss the case and fully release the Defendants.

As a result of the settlement, on February 3, 2004, the Court issued a Settlement Order pursuant to Local Rule 111.[1]  The Settlement Order provided that the case was dismissed without prejudice subject to being reopened within 95 days if the settlement was not consummated.  In April 2004, counsel for the Defendants called advising that the Defendants were having trouble raising the settlement funds and requesting further time to make the payment.  No extension of time was agreed to.  See Affidavit of counsel attached hereto as Exhibit 1.  The 90 days expired on Monday, May 3, 2004 and payment of the settlement funds has not been received.  Id.

### III.   ARGUMENT

Local Rule 111 provides that settlement orders may be entered when the parties advise the court that a settlement has been reached.  The Rule also provides that the dismissal of the case pursuant to a settlement order is without prejudice to the right of a party to move for good cause to reopen the case within the time set by the Court if the settlement is not consummated.  The language of the Rule is embodied in the Settlement Order issued by this Court and a period of 95 days was provided in which to reopen the case.  That period has not expired as of the filing of this Motion.

In this matter, there is good cause to reopen the case because the Defendants have failed to pay the required settlement funds within the agreed upon time period.  Payment of the settlement funds is a fundamental and material part of the settlement and a necessary predicate to TIG's agreeing to compromise its larger claim and permit the issuance of the Settlement Order.  The failure to pay is a clear and material breach of

---

[1] The Settlement Order was entered on the docket on February 4, 2004.

the settlement agreement and operates to completely frustrate the purpose and reason for settlement. Accordingly, this case should be reopened and the dismissal withdrawn to allow TIG to elect whether to move to enforce the settlement or to return to its original case and proceed to trial.

## IV. CONCLUSION

WHEREFORE, TIG Premier Insurance Co., for the reasons set forth herein, respectfully requests that its Motion be granted and that this case be reopened.

/s/ Michael A. Stover_____
John V. Church
Michael A. Stover (Fed. No. 10497)
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
(410) 347-8700

Attorneys for Plaintiff, TIG Premier Insurance Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of May, 2004, a copy of the foregoing Motion to Reopen Case was mailed first class, postage prepaid to William S. Heyman, Esquire, Tydings & Rosenberg, LLP, 100 East Pratt Street, 26th Floor, Baltimore, Maryland 21202 and Vincent F. Vaccarella, Esquire, Elder, Kurzman & Vaccarella, Courvoisier Center 11, Suite 401, 601 Brickell Key Drive, Miami, Florida 33131.

/s/ Michael A. Stover_____
Michael A. Stover

*1554159*