IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| TIG PREMIER INSURANCE COMPANY | * | |
| Plaintiff | * | |
| v. | * | Civil No.: WMN-01-2841 |
| HEACO, INC., et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## AFFIDAVIT OF MICHAEL A. STOVER

I, Michael A. Stover, hereby make this affidavit and certify that the matters set forth herein are true and correct based upon my personal knowledge:

1. I am an attorney licensed to practice law in the State of Maryland and before this Honorable Court. I am counsel for Plaintiff, TIG Premier Insurance Co. ("TIG").

2. On February 3, 2004, on behalf of TIG, I attended a court ordered settlement conference that was held in the chambers of Magistrate Judge Bredar.

3. The settlement conference was attended by Ms. Winifred Heacock, one of the individual Defendants and President of Defendant, Heaco, Inc. on behalf of herself, Heaco, Inc. and Frank Heacock, her husband. The conference was also attended by a representative of TIG.

4. At the settlement conference there were a series of back and forth discussions and negotiations with Judge Bredar and the parties. After several hours, Judge Bredar prepared a hand written settlement proposal containing the terms that he

**EXHIBIT 1**

believed the parties would agree to based upon the discussions he had with the parties during the course of the conference.

5. The identical written settlement proposal was placed before each side with the simple option of accepting or rejecting the settlement proposal. The Proposal read as follows:

1. Def.s agree to pay plaintiff $172,500.00. Full payment due in 90 days. No structure.
2. Plaintiff agrees to grant defendants a full and complete release. This is a global settlement resolving all claims between and among the parties to the lawsuit.
3. Each party will pay its own fees and costs, including attorney fees.

6. The proposal was accepted by TIG and the Defendants. True and accurate copies of the proposals with the signature of the Defendants' attorney, Vincent Vacarella, and Winifred Heacock and counsel for TIG are attached hereto to the Memorandum of Law as **Exhibit 2**.

7. A valid and binding settlement agreement was entered into on February 3, 2004.

8. The parties shook hands and congratulated each other on reaching a resolution of the case. Judge Bredar congratulated the parties and advised that he would inform the Court that a settlement had been reached and he further advised that a Settlement Order would be issued.

9. As a result of the settlement, the case was removed from the trial docket.

10. There were no contingencies or conditions precedent to the settlement.

11.     The settlement amount that was agreed to be paid by the Defendants has not been paid as of the date of this Affidavit.

12.     In April 2004, counsel for the Defendants called me advising that the Defendants were having trouble raising the settlement funds and requesting further time to make the payment. No agreement to extend the time for payment has been agreed to.

13.     At no time have the Defendants contended that the settlement was not valid or that they were not required to pay the agreed upon settlement amount.

I DO SOLEMNLY declare and affirm under the penalties of perjury that the contents of the foregoing Affidavit are true and correct based upon my personal knowledge.

| | |
|---|---|
| <u>July 7, 2004</u> | <u>/s/Michael A. Stover</u> |
| Date | Michael A. Stover |

*1564670*