IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| TIG PREMIER INSURANCE COMPANY | * |
| Plaintiff | * |
| v. | *   Civil No.: WMN-01-2841 |
| HEACO, INC., et al. | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

Plaintiff, TIG Premier Insurance Company ("TIG"), by John V. Church, Michael A. Stover and Whiteford, Taylor & Preston, LLP, hereby submits this Memorandum of Law in Support of its Motion for Summary Judgment as a result of the Defendants failure to abide by the terms of the settlement reached in this matter and this Court's Order requiring the Defendants to immediately pay the settlement funds:

**I.     INTRODUCTION**

On February 3, 2004, the parties participated in a settlement conference with Magistrate Judge Bredar. At that conference, the parties reached a settlement. The terms of the settlement were that the Defendants would pay the agreed upon settlement amount of $172,500.00 in exchange for dismissal of the case and a full release. The Defendants were given 90 days to pay the settlement amount. The Defendants have

failed to pay the settlement amount in full.[1]  On May 5, 2004, the Plaintiff moved to reopen the case, which was granted by the Court on June 16, 2004.  On July 7, 2004, the Plaintiff filed a Motion to Enforce the Settlement as a result of the Defendants' failure to pay the settlement funds.  This Court granted the Motion and Ordered that the Defendants immediately pay the settlement funds as agreed in the settlement.  The Defendants have ignored the Court's Order and have not paid the settlement funds in full.  Accordingly, this Motion is being filed so that an enforceable judgment can be entered against the Defendants.

## II.   FACTUAL BACKGROUND

This case arises out of a construction project located in Cecil County, Maryland, known as the Renovation of Rising Sun Middle School (hereinafter the "Project"), Job No. JWA #95-2.  Defendant, Heaco was a subcontractor on the Project.  As a condition of being awarded the Subcontract, the general contractor required that Heaco provide a performance bond and a payment bond.  At Heaco's request, TIG agreed to and in fact did issue the bonds required for the Project.  In exchange, TIG required that the Defendants, Frank and Winifred Heacock, individually and on behalf of Heaco, execute a General Indemnity Agreement (hereinafter the "Indemnity Agreement").  The Indemnity Agreement is a standard surety industry agreement required to insure that TIG would be made whole for any losses it may incur as a result of claims made on bonds it issues for Heaco.

---

[1]  The Defendants did make a partial payment of $22,500.00 on July 21, 2004, which amount has been credited against the amount owed under the Settlement Agreement.

In 1996, as a result of Heaco's failure to properly perform its contractual obligations under the Subcontract, the general contractor defaulted Heaco and terminated its subcontract. Demand was made by the general contractor upon TIG under the Performance Bond to remedy the default. Furthermore, numerous additional claims were asserted against the payment bond by Heaco's unpaid sub-subcontractors. TIG's total loss under the bonds for the Project was approximately $500,000.00. As a result of the losses sustained, TIG instituted this action against the Defendants.

On June 24, 2003, this Court referred this matter to Magistrate Judge Bredar for purposes of conducting a settlement conference. On February 3, 2004, the parties participated in a settlement conference with Magistrate Judge Bredar in his chambers at which time a settlement was entered into by the parties. *See* Affidavit of Michael A. Stover attached hereto as **Exhibit 1**. The settlement conference was attended by Ms. Winifred Heacock, one of the individual Defendants and President of Defendant, Heaco, Inc. on behalf of herself, Heaco, Inc. and Frank Heacock, her husband. Id. at ¶3. The conference was also attended by a representative of TIG. Id.

At the settlement conference there were a series of back and forth discussions and negotiations with Judge Bredar and the parties. Id. at ¶4. After several hours, Judge Bredar prepared a hand written settlement proposal containing the terms that he believed the parties would agree to based upon the discussions he had with the parties during the course of the conference. Id. The identical written settlement proposal was placed before each side with the simple option of accepting or rejecting the settlement proposal. Id. at ¶5. The proposal was accepted by TIG and the Defendants. Id. at ¶6.

A copy of the proposals bearing the signature of the Defendants' attorney, Vincent Vacarella, and Winifred Heacock and counsel for TIG are attached hereto as **Exhibit 2**. The terms of the settlement are simple - the Defendants agreed to pay $172,500.00 within 90 days to TIG and TIG agreed to fully release the Defendants. The scope of the settlement was stated to be "global" and "resolving all claims." There was an offer, consideration and acceptance. There were no contingencies or conditions precedent.

As a result of reaching the settlement, on February 3, 2004, the Court issued a Settlement Order pursuant to Local Rule 111.[2] The Settlement Order provided that the case was dismissed subject to being reopened within 95 days if the settlement was not consummated. The 90 day payment period under the terms of the settlement expired on Monday, May 3, 2004 and the settlement funds had not been paid. Exhibit 1 at ¶10. On May 5, 2004, within the 95 day period of the Settlement Order, Plaintiff moved to reopen the case because the settlement amount had not been paid by the Defendants. On June 16, 2004, this Court entered an Order finding that good cause had been shown and ordering that the case be reopened. On July 7, 2004, the Plaintiff filed a Motion to Enforce the Settlement. On September 8, 2004, in response to Plaintiff's *unopposed* Motion to Enforce Settlement, this Court entered an Order directing the Defendants to immediately pay the settlement funds. Aside from a $22,500.00 payment made on July 21, 2004, no further funds have been paid by the Defendants despite repeated demands and despite this Court's Order. Exhibit 1 at ¶¶10-11.

### III.   STANDARD OF REVIEW

Federal Rule 56 permits a party seeking to recover upon a claim to move for summary judgment in the party's favor upon all or part of the claim.  In Bland v. Norfolk & S. R.R. Co., 406 F. 2d 863, 866 (4th Cir. 1969), Judge Winter stated:

> [T]he function of a motion for summary judgment is to smoke out if there is any case, i.e., any genuine dispute as to any material fact, and, if there is no case, to conserve judicial time and energy by avoiding an unnecessary trial and by providing a speedy and efficient summary disposition.

In 1986, the Supreme Court issued the landmark trilogy of cases in which it confirmed many of the principles noted by Judge Winters and ushered in a new era in summary judgment motions practice.  *See* Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986); Anderson v. Liberty Lobby, Ltd., 477 U.S. 242, 106 S. Ct. 2505 (1986); Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348 (1986).  The Supreme Court expressly stated that "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson, 477 U.S. at 247-48, 106 S. Ct. at 2510 (emphasis in original).

A material issue of fact is defined as one that might affect the outcome of the case under the governing law.  Id. at 248.  The Supreme Court explained that the summary judgment standard is akin to the directed verdict standard; thus, the opposing party must produce evidence upon which a jury could reasonably return a verdict in its favor, stating that "[t]he mere existence of a scintilla of evidence in support of the [non-

---

[2] The Settlement Order was entered on the docket on February 4, 2004.

movant's] claim will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." Id.

For reasons discussed herein, TIG's summary judgment motion should be granted because there is no dispute as to any material fact. Therefore, TIG is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56.

### IV.   ARGUMENT

The Defendants have failed to pay the required settlement funds within the agreed upon time period. Payment of the settlement funds is a fundamental and material part of the settlement. The failure to pay is a clear and material breach of the settlement agreement and operates to completely frustrate the purpose and reason for the settlement. Accordingly, this Court should grant the motion and enter an order establishing a judgment against the Defendants.

A federal court has the inherent power to enforce settlement agreements. Petty v. Timken, 849 F.2d 130, 132 (4th Cir. 1988)("The Court has the authority to summarily enforce the terms of a settlement agreement."); Brock v. Scheuner Corp., 841 F.2d 151 (1988); Wood v. Virginia Hauling Co., 528 F.2d 423, 425 (4th Cir. 1975) and Met Laboratories, Inc. v. Reich, 875 F. Supp 304, 306 (D.Md. 1995). Under Maryland law,

> as long as the basic requirements to form a contract are present, there is no reason to treat such a settlement agreement differently than other contracts, which are binding. This is consistent with the public policy dictating that courts should 'look with favor upon the compromise or settlement of law suits in the interest of efficient and economical administration of justice and the lessening of friction and acrimony.'

Clark v. Elza, 286 Md. 208, 219 (1979), *citing* Chertkof v. Harry C. Weiskittel Co., 251 Md. 544 (1968), *cert. denied* 394 U.S. 974 (1969).

It is hornbook law that a contract will be found to exist if three elements are met. Specifically, there must be an offer, an acceptance and a meeting of the minds, or mutual assent, by the parties. *See* Benjamin v. Erk, 138 Md. App. 459, 469 (2001). This Court has already found that the parties have reached a binding and enforceable settlement agreement as evidenced by the Court's Order enforcing the settlement.

As demonstrated in the affidavit of Michael A. Stover, Esquire attached hereto as **Exhibit 1**, the Settlement Agreement has been breached by the Defendants and there remains unpaid, due and owing the sum of $150,000.00. Said funds were to have been paid in full over five months ago. As a result of the Defendants' failure to pay the settlement funds in full, the Settlement Agreement has been materially breached and Plaintiff has been damaged. Accordingly, Plaintiff is now entitled to summary judgment in the amount of $150,000.00 against the Defendants. Moreover, inasmuch as the amount owed by the Defendants is a sum certain and the Defendants' breach is completely unjustified, Plaintiff is entitled to pre-judgment interest from the date that the settlement funds should have been paid to the date of the entry of judgment. *See* FSLIC v. Quality Inns, Inc., 876 F.2d 353, 359 (4th Cir. 1989) and Federal Leasing, Inc. v. Amperif Corp., 840 F. Supp. 1068, 1081 (D.Md. 1993). A Pre-Judgment Interest Worksheet is attached as **Exhibit 3**.

## V. CONCLUSION

WHEREFORE, TIG Premier Insurance Company, for the reasons set forth herein and for reasons set forth in the Motion, respectfully requests that its Motion be granted and that this Honorable Court enter an order establishing judgment against the Defendants in the amount of $150,000.00 plus pre-judgment interest from the date of March 3, 2004 to the date of the entry of judgment and post-judgment interest at the legal rate until said judgment is paid in full.

/s/Michael A. Stover
John V. Church (Fed. No. 05007)
Michael A. Stover (Fed. No. 10497)
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
(410) 347-8700

Attorneys for Plaintiff, TIG Premier Insurance Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of October, 2004, a copy of the foregoing Memorandum of Law in Support of the Motion for Summary Judgment was filed electronically and mailed first class, postage prepaid to William S. Heyman, Esquire, Tydings & Rosenberg, LLP, 100 East Pratt Street, 26th Floor, Baltimore, Maryland 21202 and Vincent F. Vaccarella, Esquire, Elder, Kurzman & Vaccarella, Courvoisier Center 11, Suite 401, 601 Brickell Key Drive, Miami, Florida 33131.

/s/Michael A. Stover
Michael A. Stover

Case 1:01-cv-02841-WMN     Document 61-2     Filed 10/26/2004     Page 9 of 9