IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| TIG PREMIER INSURANCE COMPANY | * | |
| Plaintiff | * | |
| v. | * | Civil No.: WMN-01-2841 |
| HEACO, INC., et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**AFFIDAVIT OF MICHAEL A. STOVER IN SUPPORT
OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

I, Michael A. Stover, hereby make this affidavit and certify that the matters set forth herein are true and correct based upon my personal knowledge:

1. I am an attorney licensed to practice law in the State of Maryland and before this Honorable Court. I am counsel for Plaintiff, TIG Premier Insurance Co. ("TIG").

2. On February 3, 2004, on behalf of TIG, I attended a court ordered settlement conference that was held in the chambers of Magistrate Judge Bredar.

3. The settlement conference was attended by Ms. Winifred Heacock, one of the individual Defendants and President of Defendant, Heaco, Inc. on behalf of herself, Heaco, Inc. and Frank Heacock, her husband. The conference was also attended by a representative of TIG.

4. At the settlement conference there were a series of back and forth discussions and negotiations with Judge Bredar and the parties. After several hours, Judge Bredar prepared a hand written settlement proposal containing the terms that he

**EXHIBIT 1**

believed the parties would agree to based upon the discussions he had with the parties during the course of the conference.

5. The identical written settlement proposal was placed before each side with the simple option of accepting or rejecting the settlement proposal. The Proposal read as follows:

> 1. Def.s agree to pay plaintiff $172,500.00. Full payment due in 90 days. No structure.
> 2. Plaintiff agrees to grant defendants a full and complete release. This is a global settlement resolving all claims between and among the parties to the lawsuit.
> 3. Each party will pay its own fees and costs, including attorney fees.

6. The proposal was accepted by TIG and the Defendants. True and accurate copies of the proposals with the signature of the Defendants' attorney, Vincent Vacarella, and Winifred Heacock and counsel for TIG are attached hereto to the Memorandum of Law as **Exhibit 2**.

7. A valid and binding settlement agreement was entered into on February 3, 2004.

8. As a result of the settlement, the case was removed from the trial docket.

9. There were no contingencies or conditions precedent to the settlement.

10. The 90 day period in which to pay the settlement funds as provided by the Settlement Agreement expired on May 3, 2004 and the Defendants did not pay the settlement funds prior to that time. Indeed, the only payment made toward the settlement

**EXHIBIT 1**

occurred on July 21, 2004, when the Defendants made a partial payment in the amount of $22,500.00 toward the agreed upon settlement amount of $172,500.00, thereby leaving a balance due and owing of $150,000.00. No further payments have been made.

11. The full settlement amount that was agreed to be paid by the Defendants has not been paid as of the date of this Affidavit. Specifically, there remains due and owing $150,000.00.

12. At no time have the Defendants contended that the settlement was not valid or that they were not required to pay the agreed upon settlement. The Defendants' failure to make full and timely payment of the Settlement Funds has damaged the Plaintiff and is a material breach of the Settlement Agreement.

I DO SOLEMNLY declare and affirm under the penalties of perjury that the contents of the foregoing Affidavit are true and correct based upon my personal knowledge.

| | |
|---|---|
| <u>October 25, 2004</u> | <u>/s/ Michael A. Stover</u> |
| Date | Michael A. Stover |